**POMERANTZ LLP**

Brian Calandra (*pro hac vice*)
Jeremy Lieberman (*pro hac vice*)
600 3rd Avenue, 20th Floor
New York, NY 10016
bcalandra@pomlaw.com
jalieberman@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
 jpafiti@pomlaw.com

*Co-Lead Counsel for Plaintiffs*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
### CENTRAL OF CALIFORNIA

| | |
|---|---|
| ERIC TAN, Individually and on behalf of all others similarly situated, | ) ) ) ) Case No.: 8:23-cv-01685-JWH-ADS |
| Plaintiff, | ) ) **LEAD PLAINTIFFS' OPPOSITION** |
| v. | ) **TO DEFENDANTS' REQUEST** ) **FOR JUDICIAL NOTICE AND** |
| | ) **NOTICE OF DOCUMENTS** |
| PACWEST BANCORP, MATTHEW P. WAGNER, PAUL W. TAYLOR, BART R. OLSON, WILLIAM J. BLACK, and KEVIN LEWIS THOMPSON, | ) **INCORPORATED BY** ) **REFERENCE IN SUPPORT OF** ) **THEIR MOTION TO DISMISS** ) **PLAINTIFFS' FIRST AMENDED** ) **CLASS ACTION COMPLAINT** ) |
| Defendants. | ) ) ) |

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

## I.   INTRODUCTION

Lead Plaintiffs Aleen Hosdaghian and Onurcan Atak ("Plaintiffs"), respectfully request that the Court **_deny_** Defendants PacWest Bancorp ("PacWest" or the "Bank"), Matthew P. Wagner, Paul W. Taylor, Bart R. Olson, William J. Black, and Kevin Lewis Thompson's (collectively, "Defendants") Request for Judicial Notice ("RJN," ECF No. 52) as to Exhibits 16-21 to the Declaration of Diane L. McGimsey ("McGimsey Declaration," ECF No. 51) in Support of Defendants' Motion to Dismiss the Amended Complaint (the "Motion" or "Mot.," ECF No. 50-1).[1] Plaintiffs further respectfully request that the Court decline to take judicial notice of and/or disregard the article entitled *Bank Failures and the FDIC*, by Raj Gnanarajah, which was published by the Congressional Research Service ("Gnanarajah Article"). Although the Motion cites the Gnanarajah Article, the RJN does **_not_** ask the Court to judicially notice it.

## II.   LEGAL STANDARD

A fundamental tenet of U.S. civil procedure is that, in general, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" at the motion to dismiss stage. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted). There are two narrow exceptions to this rule: (1) "judicial notice under Federal Rule of Evidence 201" and (2) "the incorporation-by-reference doctrine." *Id.*

### A.   Judicial Notice

Under Federal Rule of Evidence 201, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known

---

[1] References to "AC" are to Plaintiffs' Amended Complaint (ECF No. 30), and citations to "¶__" or "¶¶__" are to paragraphs of the AC. References to "Exhibit __," "Ex. __" or Exs. __" are to exhibits to the McGimsey Declaration. For ease of reading, all internal quotations and citations are omitted, and all emphasis is added, unless otherwise indicated.

within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (citing Fed. R. Evid. 201(b)). While courts may include in their review of a Rule 12(b)(6) motion to dismiss matters over which they "may take judicial notice," *In re Rigel Pharms. Inc., Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012), "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. A court may not take judicial notice of a fact that is subject to reasonable dispute without converting the motion to dismiss into a Rule 56 motion for summary judgment and giving "both parties . . . the opportunity to present all material that is pertinent to the motion." *Id.* at 998; *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (reversing district court's taking judicial notice over "disputed facts stated in public records" to support its ruling and its failure to "draw all reasonable inferences from plaintiff's allegations").

### B.     Incorporation by Reference

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself," particularly where those documents "form[] the basis of the plaintiff's claims" or where the documents are reference "extensively" throughout a complaint. *Khoja*, 899 F.3d. at 1002. The doctrine prevents "plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those documents that weaken" their claims. *Id.* It also prevents defendants from putting extrinsic documents before the court and asserting improper defenses to claims at the motion to dismiss stage. See *id.*

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

## III.   ARGUMENT

In *Khoja*, the Ninth Circuit held that exceptions to the rule that "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" should be construed narrowly because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *See id.* at 998, 1003. Indeed, *Khoja* specifically admonished "a concerning pattern in securities cases," like this action, where parties moving to dismiss attempt "to short-circuit the resolution of a well-pleaded claim" by using unpled documents to "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998, 1003.

Here, the RJN asks the Court to take judicial notice of 21 extrinsic documents as it assesses the Motion. *See* McGimsey Decl. Exs. 1-21. Plaintiffs do not dispute that Exhibits 1-14 are referred to in the AC and form the basis of Plaintiffs' claims, and thus are noticeable for the fact that the documents contain certain statements made on certain dates. Nor do Plaintiffs contest Defendants' request for judicial notice of Exhibit 15, which lists PacWest's closing stock prices from March 1, 2023 through May 10, 2023. That said, the Court may not "consider these documents for the truth of the matters asserted therein" or use them to draw inferences in Defendants' favor. *In re Bare Escentuals Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010); *see Veal v. LendingClub Corp.*, 423 F. Supp. 3d 785, 802 (N.D. Cal. 2019) ("it would be improper to take notice of facts that might reasonably be disputed, or to draw inferences from such documents"). In short, "[b]y granting defendants' request for judicial notice, the court does not purport to accept defendants' interpretation of the matters therein." *In re LeapFrog Enterprises, Inc. Sec. Litig.*, 527 F. Supp. 2d 1033, 1042 (N.D. Cal. 2007).

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

Nevertheless, with respect to Exhibits 16-21, as well as the Gnanarajah Article, the Defendants are engaging in exactly what the Ninth Circuit was concerned about in *Khoja*. Defendants seek to use these unpled documents containing irrelevant facts to develop a competing narrative to use in attacking the AC. Under controlling Ninth Circuit precedent, this is inappropriate, and this Court should deny the RJN as to Exhibits 16-21 and disregard the Gnanarajah Article.

### A.    The Court Should Decline to Notice Exhibits 16-18

The RJN asks the Court to judicially notice stock prices of non-party banks First Republic Bank ("First Republic," Ex. 16), Western Alliance Bancorporation ("WAB," Ex. 17), and Zions Bancorporation, N.A. ("Zions," Ex. 18) to create an alternative narrative that "turmoil in the United States banking sector" caused stock price declines at PacWest and its peer banks. *See* Mot. at 11; *see also* RJN at 4-5. In other words, Defendants hope the Court will use the documents to hold that Plaintiffs' claims should be dismissed because "[t]hat PacWest did not anticipate or otherwise predict this unprecedented turmoil in the banking industry does not, *ipso facto*, constitute a violation of federal securities laws." *See* Mot. at 7, 11; *see also* RJN at 4-5. Defendants also appear to seek to use these documents to assert a loss causation or damages argument, namely that PacWest's stock price declined as part of an overall decline in banking stocks, not because the public learned the truth underlying Defendants' false statements or because of the materialization of undisclosed risks. *See* Mot. at 7.

This Court should deny Defendants request to take judicial notice of these stock prices, however, because the stock prices of First Republic, WAB, and Zions are irrelevant to whether the AC sufficiently alleges securities fraud claims. Judge Davila's analysis of a nearly identical notice request *In re Facebook, Inc. Securities Litigation* is instructive. *See* 405 F. Supp. 3d 809, 830 (N.D. Cal. 2019), *aff'd in part, rev'd in part and remanded on other grounds*, 84 F.4th 844 (9th Cir.

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

2023), *opinion amended and superseded on denial of reh'g on other grounds*, 87 F.4th 934 (9th Cir. 2023). In that case, the defendants asked the court to notice declines in the prices of technology stocks including Apple, Google, and Netflix and infer that declines in Facebook's stock price were not caused by the revelation of fraud. *See id.* at 829. Citing *Khoja*, Judge Davila refused notice these share prices because:

> The question at this stage is not are there other explanations for Facebook's stock price falling but whether Plaintiffs adequately stated a claim for securities fraud. The stock prices of Apple, Google, and Netflix, and the overall volatility of the stock market during the Class Period do not help answer that question and so Defendants' request for judicial notice of Exhibits 30–34 is DENIED.

*See id.* at 829-30. Here, as in *Facebook*, Defendants improperly seek to dismiss the AC using unpled documents to create a counternarrative of the reasons for PacWest's share price decline, and this Court should refuse to notice Exhibits 16-18. *See Khoja*, 899 F.3d at 1003 ("Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint" and attempting to "short-circuit the resolution of a well-pleaded claim"). In fact, courts consistently refuse to take judicial notice of the share prices of non-defendant entities where, as here, it is not relevant to the evaluation of a securities fraud complaint. *E.g., Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (refusing to notice share prices of peer companies because "the Court does not believe that these exhibits are relevant to Defendants' motion to dismiss").

The authorities cited in the RJN are consistent with *Facebook* and do not support taking judicial notice of Exhibits 16-18. *See* RJN at 4-5. In each case, the court noticed the ***defendant company's*** stock price, not the stock price of ***non-***

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

*party peer companies*. *See Ok. Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (defendant IXIA's stock price); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (defendant Corinthian Colleges' stock price); *In re Atossa Genetics Inc. Sec. Litig.*, 868 F.3d 784, 799 (9th Cir. 2017) (defendant Atossa's stock price).

### B.    The Court Should Not Take Judicial Notice of Exhibits 19-21.

Nor should this Court take judicial notice of unpled U.S. government press releases announcing the closing of Signature Bank ("Signature," Ex. 19), the transfer of assets from Silicon Valley Bank ("SVB") to a "bridge bank" (Ex. 20), or the closing of First Republic (Ex. 21). Defendants also use these press releases to support their counternarrative that PacWest's share price declines were caused by "unprecedented turmoil in the United States banking section" not misrepresentations by Defendants. *See* Mot. at 7, 11-12; *see also* RJN at 5-6. Judicial notice should be denied on this ground alone. *See Khoja*, 899 F.3d at 999 ("[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true— it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief.").

Further, while the RJN states that Exhibits 19-21 are offered solely to establish the dates on which Signature, SVB, and First Republic were closed (*see* RJN at 6), this purported justification only underscores why this Court should refuse to notice the documents. The AC expressly alleges when Signature, SVB and First Republic failed. ¶¶91, 95, 106. Since the purportedly noticeable information in Exhibits 19-21 is already alleged, and the Court must accept those allegations as true, Exhibits 19-21 are superfluous and should not be noticed. *See Oaktree Principal Fund V, LP v. Warburg Pincus LLC*, 2017 WL 3187688, at *6 (C.D. Cal. Jan. 17, 2017) ("Given the detailed allegations in the SAC, it

unnecessary and superfluous, at this stage in the litigation, to consider the other documents").

The cases cited in the RJN do not direct a different outcome. *See* RJN at 5-6. For example, in *In re Countrywide Financial Corporation Mortgage-Backed Securities Litigation*, the parties did not object because the Court noticed the document *sua sponte*,[2] *see* 966 F. Supp. 2d 1018, 1025 n.4 (C.D. Cal. 2013), and the court in *Jarvis v. JP Morgan Chase Bank* did not consider whether notice of a press release was appropriate. *See* 2010 WL 2927276, at *1 (C.D. Cal. July 23, 2010) (noticing an administrative order from the Office of Thrift Supervision and a contract between the FDIC and JP Morgan Chase Bank).

## C. The Court Should Neither Notice Nor Consider the Gnanarajah Article.

The Motion cites the Gnanarajah Article as support for the assertion that "the closure of Silicon Valley Bank ("SVB")—then reported to be the second largest bank closure in United States history—and Signature Bank threw the banking industry into chaos." *See* Mot. at 11. As an initial matter, the RJN does not request judicial notice of the article, and thus this Court should not consider it because it is improper to consider documents outside of the complaint for which judicial notice are not sought in ruling on a motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990); *Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir.1982).

Even if Defendants had properly sought judicial notice of Gnanarajah Article, the Court should decline to notice it because, as with the non-party bank stock prices and government press releases described above, Defendants are using

---

[2] None of the six requests for judicial notice filed in Countrywide sought notice of the FDIC publication the court noticed. *See* Docket, *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1018, 1025 (C.D. Cal. 2013), No. 2:12-cv-08558-MRP-MAN (C.D. Cal.), ECF Nos. 50, 51, 65, 67, 71, 73.

7

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

the article to bolster their counternarrative, *e.g.*, that Signature Bank's failure "threw the banking industry into chaos" and thus caused PacWest's stock price decline. *See* Mot. at 11.

Moreover, the article should not be noticed because the Motion's reference to it requires this Court to accept Defendants' ***interpretation*** of statements in the article as true. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1000 (9th Cir. 2018) (holding that district court should not have noticed document that "is subject to varying interpretations, and there is a reasonable dispute as to what [it] establishes."); *Tso v. Murray*, 2018 WL 6252799, at *8 (D. Colo. Sept. 26, 2018), *report and recommendation adopted*, 2018 WL 6629656 (D. Colo. Dec. 18, 2018), *aff'd*, 822 F. App'x 697 (10th Cir. 2020) (Defendants' "own interpretation and characterization of the cited source[]," and "[a] party's own interpretation and characterization of documents clearly is neither "generally known within the trial court's territorial jurisdiction" nor "accurately and readily determined from [the] sources""); *Purple Heart Patient Ctr., Inc. v. Mil. Ord. of the Purple Heart of the United States of Am., Inc.*, at *4 (N.D. Cal. Feb. 11, 2014) (refusing to notice party's gloss on Congressional Research Service report).

## IV.    CONCLUSION

For the foregoing reasons, the Court should the Defendants' request to judicially notice Exhibits 16-21 and disregard the Gnanarajah Article.

DATED: June 19, 2024                    Respectfully submitted,

**POMERANTZ LLP**

By: /s/ *Brian Calandra*

Jeremy A. Lieberman (*pro hac vice*)
Brian Calandra(*pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: cdavid@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
Facsimile: (917) 463-1044
jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**

By: /s/ *Jacob Goldberg*

Laurence M. Rosen, Esq. (SBN 219683)
Jacob Goldberg (*pro hac vice*)
Gonen Haklay (*pro hac vice*)
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com
jgoldberg@rosenlegal.com
ghaklay@rosenlegal.com

**THE SCHALL FIRM**
Brian Schall
2049 Century Park East, Ste. 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
brian@schallfirm.com

*Attorneys for Plaintiffs*

9

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS

## CERTIFICATE OF SERVICE

I, BRIAN CALANDRA, hereby declare under penalty of perjury as follows: I am a partner with Pomerantz LLP, with offices at 1100 Glendon Avenue, 15th Floor Los Angeles, California 90024, and am admitted to practice in this court *pro hac vice*. I am over the age of eighteen. On June 19, 2024, I electronically filed the above Opposition to Defendants' Request for Judicial Notice with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 19, 2024.

/s/ *Brian Calandra*

Brian Calandra

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE:  Case No. 8:23-cv-01685-JWH-ADS