Adam S. Paris (SBN 190693)
parisa@sullcrom.com
Diane L. McGimsey (SBN 234953)
mcgimseyd@sullcrom.com
Caroline M. L. Black (SBN 350453)
blackcar@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800

*Attorneys for Defendants PacWest Bancorp, Matthew P. Wagner, Paul W. Taylor, Bart R. Olson, William J. Black and Kevin Lewis Thompson*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TAN, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>PACWEST BANCORP, MATTHEW P. WAGNER, PAUL W. TAYLOR, BART R. OLSON, WILLIAM J. BLACK, and KEVIN LEWIS THOMPSON,<br><br>                    Defendants. | Case No. 8:23-cv-01685-JWH-ADS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF DOCUMENTS IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Judge:  Hon. John W. Holcomb |

## I.    INTRODUCTION

Defendants respectfully request that this Court ***deny*** Plaintiffs' Request for Judicial Notice in Support of their Opposition to Defendants' Motion to Dismiss (Dkt. No. 50).  Courts have repeatedly denied attempts by Plaintiffs to circumvent pleading requirements by amending their Complaint through judicial notice of exhibits filed in support of an opposition to a motion to dismiss.  This Court should do the same.

## II.    LEGAL STANDARD

In considering a motion to dismiss, courts generally "may not consider any material beyond the pleadings in ruling on a [motion to dismiss]."  *U.S.* v. *Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011); *see also Khoja* v. *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Courts consider materials to be part of the pleadings if the materials are "submitted with and attached to the complaint."  *Corinthian Colls.*, 655 F.3d at 999.  Courts may also consider as part of the pleadings materials that are not attached to the complaint if the complaint "necessarily relies" on the materials and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."  *Id.*  (citation and quotation marks omitted).  Courts may not consider as part of the pleadings, however, "additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under [Federal Rules of Civil Procedure] Rule 7(a)."  *Durgin* v. *Sharer*, 2017 WL 2214618, at *3 (C.D. Cal. Jan. 10, 2017) (citation and quotation marks omitted).

## III.    ARGUMENT

Having realized the insufficiency of the pleadings in their Complaint, Plaintiffs now seek to improperly amend the Complaint through their Request for Judicial Notice ("PRJN") of Exhibits 1-3 to the Declaration of Brian Calandra ("Calandra Decl.").  These Exhibits amount to nothing more than unpleaded

- 1 -

extrinsic evidence that Plaintiffs had the opportunity to include with their pleadings but chose not to.  Plaintiffs even admit as much in their Request for Judicial Notice and their Opposition (Dkt. No. 55) ("Opp.").  In their Request for Judicial Notice, Plaintiffs twice admit that their exhibits are "necessary to provide context to the allegations in the First Amended Complaint" and that "[t]he Exhibits…provide additional context to [the] allegations [in the First Amended Complaint]."  (PRJN at 2.)  In their Opposition, Plaintiffs admit that the Request for Judicial Notice is nothing more than an attempt to plead new facts regarding Defendant Wagner's and Black's individual stock sales.  (Opp. at 29, n. 17.)  Courts have repeatedly affirmed, however, that Plaintiffs may not introduce additional facts or "context" in an opposition to a motion to dismiss.  *Durgin*, 2017 WL 2214618, at *4.  "Even documents properly subject to judicial notice, such as SEC filings, cannot be used to amend the Complaint."  *Id.*  (citing *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*, 50 F. Supp. 3d 1328, 1350 (C.D. Cal. Oct. 6, 2014) ("Plaintiffs cannot utilize the [judicially noticeable SEC filings] to amend the complaint and defeat defendants' motions to dismiss."); *In re Turbodyne Tech., Inc. Sec. Litig.*, 2000 WL 33961193, at *10 (C.D. Cal Mar. 15, 2000); *Freeney* v. *Bank of Am. Corp.*, 2015 WL 4366439, at *17 (C.D. Cal. July 16, 2015)).

While Defendants agree that documents filed publicly with the SEC are generally subject to judicial notice and that the accuracy of these SEC filings is not generally subject to dispute, the Form 4 Statements of Changes in Beneficial Ownership that constitute Calandra Decl. Exhibits 1-3 are not proper subjects of judicial notice because Plaintiffs did not include them in their pleadings.

/ / /

/ / /

/ / /

/ / /

- 2 -

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Request for Judicial Notice should be denied.

Dated:        July 23, 2024

/s/ *Adam S. Paris*

Adam S. Paris (SBN 190693)
parisa@sullcrom.com
Diane L. McGimsey (SBN 234953)
mcgimseyd@sullcrom.com
Caroline M. L. Black (SBN 350453)
blackcar@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East
Los Angeles, California 90067
Telephone:   (310) 712-6600
Facsimile:    (310) 712-8800

*Attorneys for Defendants PacWest Bancorp, Matthew P. Wagner, Paul W. Taylor, Bart R. Olson, William J. Black and Kevin Lewis Thompson*

- 3 -