**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ERIC TAN, individually and on behalf of all others similarly situated, ALEEN HOSDAGHIAN and ONURCAN ATAK, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PACWEST BANCORP, n/k/a BANC OF CALIFORNIA, INC., MATTHEW P. WAGNER, PAUL W. TAYLOR, BART R. OLSON, KEVIN LEWIS THOMPSON, and WILLIAM J. BLACK,

Defendants.

Case No. 8:23-cv-01685-JWH-ADS

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS CASE [ECF No. 50]**

Before the Court is the motion of Defendants PacWest Bancorp, Matthew P. Wagner, Paul W. Taylor, Bart R. Olson, Kevin Lewis Thompson, and William J. Black to dismiss the pleading of Plaintiffs Aleen Hosdaghian and Onurcan Atak.[1] Plaintiffs oppose the Motion, and the matter is fully briefed.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition, the Court orders that the Motion is **DENIED without prejudice**, for the reasons set forth herein.

Plaintiffs, on their own behalf and on behalf of a proposed class of PacWest securities holders, assert two claims for relief for violations of securities laws.[3] Defendants move to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] In their Opposition, Plaintiffs request leave to amend their pleading.[5]

In view of the Court's limited judicial resources, it is loath to adjudicate serial motions to dismiss Plaintiffs' claims. Instead, the Court will direct the parties to engage in a rigorous L.R. 7-3 Conference of Counsel and will grant Plaintiffs leave to file a second amended pleading. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (instructing lower courts that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is 'to be applied with extreme liberality'")

---

[1] Defs.' Mot. to Dismiss Case (the "Motion") [ECF No. 50]; *see also* First Am. Compl. (the "Amended Complaint") [ECF No. 30].

[2] *See* Pls.' Opp'n to the Motion (the "Opposition") [ECF No. 55]; Reply in Supp. of the Motion [ECF No. 51].

[3] *See generally* Amended Complaint.

[4] *See generally* Motion.

[5] Opposition 35:15-17.

(citation and quotation omitted). The Court suggests that Plaintiffs take this opportunity to consider carefully Defendants' criticism of their current pleading and to present their best pleaded claims, as the Court will be unlikely to grant further leave to amend.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' instant Motion to dismiss [ECF No. 50] is **DENIED without prejudice**.

2. The hearing on Defendant's Motion currently set for August 9, 2024, is **VACATED**.

3. The parties are **DIRECTED** forthwith to engage in an additional L.R. 7-3 Conference of Counsel regarding the alleged infirmities in the Complaint.

4. Plaintiffs are **DIRECTED** to file an amended pleading, if at all, no later than August 23, 2024. If Plaintiffs choose to file a second amended pleading, then Plaintiffs are also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to First Amended Complaint that provides the Court with a redline version showing the amendments.

5. Defendants are **DIRECTED** to file their respective responses to Plaintiffs' operative pleading no later than September 13, 2024.

6. The Scheduling Conference currently set for August 9, 2024, is **CONTINUED** to October 11, 2024, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: August 5, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE